**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In re SUSAN H.D. KEULER,**<br>**Debtor** | **No. 08cv11160**<br>**Bankruptcy Appeal**<br>**(Judge Munley)** |
| **SUSAN H.D. KEULLER,**<br>**Appellant**<br>**v.**<br>**MONROE COUNTY TAX CLAIM BUREAU,**<br>**Appellee** | |

## MEMORANDUM

Before the court is appellant's appeal (Doc. 1) of the decision of Bankruptcy Judge John Thomas's decision denying Appellant Monroe County Tax Claim Bureau's (MCTCB) objections to the debtor's petition to sell certain property that was part of the bankruptcy estate. Having been fully briefed and argued, the matter is ripe for disposition.

### Background

Judge John J. Thomas's opinion addressed tax claims raised on property owned by Susan H.D. Keuler, the debtor in the underlying bankruptcy case. Keuler had filed a Chapter 13 bankruptcy plan on January 10, 2006. On January 31, 2006, she sought to sell the property here in question, Lot 1605, Blue Ridge Dr., The Hamlet, Price Township, Monroe County, PA, free and clear of liens. The MCTCB filed an objection to this motion to sell the property on February 13, 2006. The parties then agreed to allow the sale of the property and hold a portion of the proceeds in escrow until the tax claim could be resolved. They filed briefs on the issues raised by the sale with the Bankruptcy Judge, who issued his decision on May 14, 2008.

The issue in this case is under what conditions the automatic stay in bankruptcy cases applies to protect a property owner from local property taxes. In most instances, the Bankruptcy Code provides an automatic stay, preventing "any act to create, perfect, or enforce any lien against the property of [a bankruptcy] estate." 11 U.S.C. § 362(a)(4). Thus, without an exception to the automatic stay provision or an act from the court to lift the stay, Appellant MCTCB's tax lien on the property would not be secured.

At issue here, however, is the effect of the Bankruptcy Reform Act of 1994, 11 U.S.C. § 362(b)(18). Under the statute, the automatic stay provision "does not operate as a stay . . . of the creation or perfection of a statutory lien for ad valorem property tax imposed by . . . a political subdivision of a State, if such tax comes due after the filing of the petition." Thus, any property tax imposed on the debtor's estate after the passage of this act would be a valid lien. The history of bankruptcies related to this property compel the court to consider the effect of the Bankruptcy Reform Act on bankruptcy petitions filed before passage of the act.

The property here in question has a long history of bankruptcies related to it.[1] The property was included in a series of bankruptcy filings since 1992, all of which appellant contends were an attempt to avoid a tax sale. On July 24, 1992, then-owner of the property Jacob Keuler filed for Chapter 11 bankruptcy protection in the United States District Court for the Middle District of Pennsylvania. That bankruptcy terminated on June 4, 1997. Astrid Keuler, another purported owner of the property, filed for Chapter 7 bankruptcy protection on August 28, 1995. That bankruptcy also terminated on June 4, 1997, after being consolidated with Jacob Keuler's filing. Jacob Keuler filed another bankruptcy petition pursuant to Chapter 11 on October 7, 1997. That case was terminated on January 28, 2002. The debtor in this case apparently inherited the property. This is her second bankruptcy filing. The first, filed in September 2004 in the

[1] As the parties agree as to the facts of the case, the court derives them from the briefs.

Eastern District of Pennsylvania, was dismissed for failing to file required documents. Debtor filed the instant action on September 14, 2005.

The Bankruptcy Judge explored the status of the liens on the property. He found that the parties agreed that any liens assessed before the filing of the original bankruptcy on July 24, 1992 were secured. The court agreed with the appellant that the Bankruptcy Reform Act, enacted October 22, 1994, exempted property taxes from the automatic stay. At the same time, the bankruptcy judge found that the Act applied only to cases filed after October 22, 1994. Thus, the MCTCB's liens are secured with respect to bankruptcy cases filed after the amendment, as well as those which accrued after the initial filing was terminated in 1997. The court found, however, that the taxes which accrued during the pendency of the initial bankruptcy were unsecured. The court rejected appellant's argument that any claims which accrued during the bankruptcy would attach when the bankruptcy terminated. Citing In re Myers, 491 F.3d 120, 127 (3d Cir. 2007), the court concluded that taxes assessed in violation of the automatic stay were void, not voidable, meaning that the stay made them impossible to assess. The court thus concluded that taxes arising during the first Jacob Keuler bankruptcy "are, at best, unsecured administrative claims against Jacob Keuler." (Bankruptcy Court Opinion (Doc. 2-38) (hereinafter "Opinion") at 4). Other taxes (those which accrued before the 1992 filing and after the termination of the original case in 1997), however, were secured.

The MCTCB appealed the ruling to this court. The parties filed briefs in support of their position, bringing the case to its present posture.

**Legal Standard**

This court reviews the bankruptcy court's conclusions of law *de novo*. In re O'Brien Environmental Energy, Inc., 188 F.3d 116, 122 (3d Cir. 1999). The bankruptcy court's findings of fact will only be set aside if clearly erroneous. Bank. Rule 8013 ("On

appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."); In re O'Brien, 188 F.3d at 122.

**Discussion**

Appellant contends that the court should reverse the bankruptcy judge's decision on several grounds. The court will address each in turn.

**A. Applicability of the Bankruptcy Reform Act of 1994**

Appellant contends that the bankruptcy court erred in concluding that the provisions of the Bankruptcy Reform Act of 1994 that eliminate the automatic stay on property taxes during the pendency of a bankruptcy are not applicable to any of the liens established during the pendency of the 1992 bankruptcy and that those liens are thus unsecured claims. The bankruptcy judge found that "compelling Third Circuit Court of Appeals" authority finds that "taxes assessed against property of the estate during a pre-Amendment bankruptcy filing are, at best, unsecured administrative obligations since the automatic stay would prevent attachment of such assessment to property of the estate." (Opinion at 2) (citing Makoroff v. City of Lockport, 916 F.2d 890, 896 (3d Cir. 1990)). The appellant argues that the legislative history of the Bankruptcy Reform Act of 1994 indicates that the Congress sought to overturn cases like Makoroff in enacting that legislation. As such, the authority established by Makoroff is no longer valid, and the court should find that the MCTCB could assess tax liens during the pendency of the bankruptcy.

The court will deny the appeal on this point. While the appellant correctly cites to the legislative history to indicate that Congress's intention in passing the Bankruptcy Reform Act of 1994 was to overturn the effect of cases that included property tax

assessments within the automatic stay provided during bankruptcy, the appellant cites no authority to indicate that the Congress intended those amendments to apply to bankruptcies that were pending when the Act passed. The court finds that allowing the MCTCB to assess taxes during the pendency of the bankruptcy estate would have a retroactive effect, since at the time of the 1992 bankruptcy filing, local property taxes were subject to the automatic stay.[2] In addressing this area, the court follows the Supreme Court's presumption that "[r]etroactivity is not favored in the law. Thus, congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." Bowen v. Georgetown University Hospital, 488 U.S. 204, 208 (1988). Courts have described a three-part analysis to determine whether a statute can be applied retroactively. First, the court is to "determine whether congress has expressly prescribed the statute's proper reach. If Congress has done so, of course, there is no need to resort to judicial default rules." Landgraf v. USI Film Products, 511 U.S. 244, 280 (1994). If the statute contains no "express" statement on retrospective application, the court engages in a second inquiry, "us[ing] normal statutory construction rules to determine if Congress manifested an intent to only apply a statute to future cases. Again, if we find an intent to not apply a statute retrospectively, our inquiry is done." Mathews v. Kidder, Peabody & Co., Inc., 161 F.3d 156, 161 (3d Cir. 1998). Absent "an express command in either direction [or] an intent to apply a statute retrospectively," the court determines whether the statute has a "'retroactive effect,' i.e., does it 'impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed.'" Id. (quoting Landgraf, 511 U.S. at 280). If the court finds a retroactive effect, it "employ[s] the strong presumption against applying a statute with retroactive effect to pending cases: At this point, only Congress's *clear* intent to

---

[2]See below for a discussion of why property taxes are subject to the stay.

apply the statute retrospectively will overcome the presumption." Id. (emphasis in original).

The court uses these standards to determine how to apply the statute. Appellant's brief points out that the Bankruptcy Reform Act of 1994 amended the stay provision to read, in relevant part, that "[t]he filing of a petition . . . does not operate as a stay–(18) under subsection (a) of the creation or perfection of a statutory lien for an ad valorem property tax imposed by . . . a political subdivision of a State, if such tax comes due after the filing of the petition." 11 U.S.C. § 362(b)(18). The amended statute, then, does not expressly provide for retroactive application of the exemption of local property taxes from the stay. The appellate quotes the legislative history of this provision; that history indicates Congress expressed an intent to allow local governments to obtain property taxes, "one of their principal sources of revenue." (quoted in brief at 5). Because property owners recognize the government's right to collect such taxes, the Congress expressed a desire to "overrule" Circuit court cases that found that the automatic stay applied to property taxes. Here, Congress did not express any clear intent not to apply the statute retrospectively. Instead, Congress expressed a desire to alter the law as it stood in 1994. A desire to do so does not indicate a desire for retroactivity.[3] The question for the court, then, becomes whether the statute would "impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." Here, allowing the imposition of tax liens not imposed because the automatic stay was in

---

[3]The appellant cites to several cases for the proposition that Congress has the authority to overturn court decisions through subsequent legislation. The cases cited by the appellant support this proposition, but they do not address the question of retroactivity when such a legislative act occurs. See, e.g., Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 125 S. Ct. 2611, 2619 (2005) (holding that "'[w]hatever we say regarding the scope of jurisdiction conferred by a particular statute can of course be changed by Congress.'") (quoting Finley v. United States, 490 U.S. 545, 556 (2003)). As the bankruptcy judge did, this court will apply the law as it existed in 1992 to the stay applied to the 1992 bankruptcy.

effect prior to 1994 would impair rights the debtor possessed before enactment of the legislation. As such, the court cannot apply the 1994 amendments to the bankruptcy filed in 1992. The court agrees with the Bankruptcy Judge that the stay applied to property tax liens imposed during the bankruptcy that began in 1992 and terminated in 1997. The court denies the appeal on those grounds.

**B. Pre-petition interest in the property creates a secured claim to the property taxes**

Appellant contends, however, that the bankruptcy court erred in interpreting Makoroff, and thus erred in determining the law as it applied to the 1992 bankruptcy. Appellant insists that the Third Circuit concluded in Makoroff that the stay would not have been violated had the taxing authority acquired an interest in the property prior to the bankruptcy petition. Under federal bankruptcy law, "the rights and powers of a trustee 'are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection.'" Equibank, N.A. v. Wheeling-Pittsburgh Steel Corp., 884 F.2d 80, 85 (3d Cir. 1989) (quoting 11 U.S.C. § 546(b)). The Makoroff court emphasized that this provision of the bankruptcy code provides "an exception to the bar of the automatic stay where a creditor has a pre-petition interest in property that can be perfected under state law within a given time. The creditor, in that circumstance, does not lose his preferred status merely because he does not perfect his interest until after the debtor has filed for bankruptcy." Makoroff, 916 F.2d at 892. This rule is designed to "'protect, in spite of the surprise intervention of [the] bankruptcy petition, those whom State law protects' by allowing them to perfect an interest they obtained before the bankruptcy proceedings began." Id. (quoting H.R. Rep. No. 595, 95th Cong., 1st Sess. 371 (1977)). The appellant argues that it had a pre-petition interest in the property that only needed to be perfected, and that the bankruptcy judge thus erred in not finding that

appellant could perfect this interest during the bankruptcy's pendency.

The court must examine Pennsylvania law relating to tax liens to determine whether the appellant had an interest that it had not yet perfected in the property at the time of the bankruptcy filing. Pennsylvania law provides that "[a]ll taxes which may hereafter be lawfully imposed and assessed by counties, institution districts, cities, boroughs, towns, townships, and school districts on real property, are hereby declared to be a first lien on such real property (but subordinate to the lien of taxes imposed by the Commonwealth), and every such lien shall date from the day on which the millage or tax rate is fixed by the proper authority of any such political subdivision." 53 P. S. § 7102. Accordingly, Pennsylvania law provides that a property tax "lien is *created* (and by definition perfected) when the tax is assessed in conformity with § 7102." In re Berwick Associates, Ltd., 178 B.R. 65, 67 (M.D. Pa. 1994) (emphasis in original). Thus, each time that the MCTCB assessed taxes, it created a lien and the claim was perfected. The bankruptcy judge correctly concluded, then, that the taxes assessed before the 1992 bankruptcy filing were a valid, secured lien. Section 7102 establishes, however, that a new lien appears at each assessment. As such, those assessments made after the imposition of the automatic stay were liens created in violation of the stay.

The Third Circuit Court of Appeals addressed a similar issue in Makoroff. In that case, two New York municipalities argued that they had not violated the automatic stay because they had a pre-petition interest in the property which was protected by section 546(b) of the bankruptcy code. The municipalities admitted that they took all the steps necessary to assess the taxes on the property in question after the filing of the bankruptcy and imposition of the stay. Makoroff 916 F.2d at 893. Though this failure to assess taxes appeared to prevent the municipalities from claiming a pre-petition interest, the municipalities argued that their interest was "the interest that sovereign

powers have over all property within their jurisdiction." Id. The court rejected this view, finding that "[a]lthough the [municipalities] may have an ever-present expectation of collecting taxes on all property within their jurisdiction, they do not have a property interest in a particular piece of real estate until they take the affirmative acts necessary to fix the amount of the tax due and to acquire a lien to the extent of that amount." Id. at 864. In Makoroff, these acts to acquire an interest all occurred after the filing of the bankruptcy, and the court found that the automatic stay provided protection from those acts. See also Equibank, 884 F.2d at 8. Here, Pennsylvania law establishes that the liens occurred when the MCTCB assessed the taxes. Thus any taxes assessed during the bankruptcy filing were liens placed in violation of the stay, and the bankruptcy judge correctly found them as such.

Moreover, allowing the MCTCB to use Section 546(b) to collect taxes during all of the years during which a stay applied to the bankruptcy case would be to frustrate the purpose of the stay. The MCTCB would be using the tax liens it had previously perfected as a means of securing new liens for new tax years. The court agrees with the position adopted by the Third Circuit in a closely analogous case, which held that allowing new taxes each year during the pendency of the bankruptcy would have a result unintended by the statute:

> Instead of interpreting § 546(b) as a one-time exception for the creditor who gave value but has not yet perfected its lien, [appellant's position] would have us create a rotating exception, which, every [year], would add another lien at the front of the priority line, enabling [the state] to effectively collect on all its claims as if no bankruptcy petition had ever been filed. Such an interpretation would effectively remove the taxing arms of [state] government from the controlling provisions of the bankruptcy code, a result clearly contrary to the intent of congress.

Equibank, 884 F.2d at 86 (quoting In re Parr Meadows Racing Ass'n, Inc., 880 F.2d 1540, 1547 (2d Cir. 1989)). Thus, at the time of the 1992 filing the stay prevented the assessment of property tax during the bankruptcy's pending. Such assessments violated the stay. The court will therefore deny the appeal on this point as well.

**C. The Bankruptcy Judge's Conclusion that Liens Brought in Violation of the Stay are Void and Not Voidable**

The appellant argues that the bankruptcy judge should have concluded that liens brought in violation of the automatic stay were not automatically void, but simply voidable. Such liens could thus be revived at the termination of the bankruptcy. The bankruptcy judge rejected the appellant's argument on this point, finding that such a position "appears contrary to our Circuit Court's position that violations of the automatic stay are void, not voidable." (Opinion at 3). Because the liens were brought in violation of the stay, and the appellant did not seek relief from the stay, the bankruptcy judge correctly followed Third Circuit precedent that holds that "actions in violation of the stay are void but retroactively ratifiable if the stay is annulled." In re Meyers, 491 F.3d 120, 128 (3d Cir. 2007). Appellant agrees that the bankruptcy judge correctly followed the law, but raises the issue to preserve its right to raise it on appeal. The court will therefore deny the appel on these grounds.

**Conclusion**

Based on the foregoing, the court will deny the appeal and uphold the decision of the bankruptcy judge. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re SUSAN H.D. KEULER,**<br>**Debtor** | : | **No. 08cv11160**<br>**Bankruptcy Appeal**<br><br>**(Judge Munley)** |
| **SUSAN H.D. KEULLER,**<br>**Appellant**<br><br>**v.**<br><br>**MONROE COUNTY TAX CLAIM BUREAU,**<br>**Appellee** | : | |

**ORDER**

_____**AND NOW,** to wit, this 25th day of January 2009, the instant appeal is hereby **DENIED**. The Clerk of Court is directed to **CLOSE** the case.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**